Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff*
JAMES WEAVER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WEAVER<br><br>Plaintiff,<br><br>vs.<br><br>CORELOGIC CREDCO, LLC<br><br>Defendant. | Case No. 8:19-cv-343<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT AND THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, James Weaver, against Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, California Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civ. Code §§ 1786.1 *et seq.*.

## THE PARTIES

2. Plaintiff James Weaver is an adult individual who resides in Marion, AK.

3. Defendant, CoreLogic Credco, LLC ("Credco") is a consumer reporting agency and a reseller of credit information that regularly conducts business

1

in the Central District of California and which has a principal place of business located at 40 Pacifica Avenue, Suite 900, Irvine, CA 92618.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. In or around August 2016, Plaintiff applied for employment as a security guard with Sangar Cargo Security, Inc. ("Sangar").

7. As part of his job application, Plaintiff signed a document purportedly authorizing his potential employer, Sangar to obtain a consumer report for employment purposes.

8. Defendant furnished a consumer report to Sanger.

9. The report furnished by Defendant was for employment purposes.

10. Defendant has been improperly reporting, and did here report, sealed, derogatory, and inaccurate information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, two felonies for which Plaintiff was never convicted and for which the charges were sealed by the state in 2014. Additionally, the report includes a third felony conviction which was sealed by the state in 2014.

12. The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as a convicted felon.

13. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

14. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, an employment opportunity at Sangar in or about September 2016. Plaintiff was informed that the basis for the denial was the inaccurate information that appears on Plaintiff's consumer report with Defendant and that the inaccurate information was a substantial factor for that denial.

15. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would have never reported the two felonies for which Plaintiff was never convicted and which were sealed by the state in 2014, or a third felony conviction which was sealed by the state in 2014.

16. Plaintiff's consumer report and file have been obtained from Defendant and have been reviewed by prospective employers, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving employment opportunities both known and unknown.

17. Plaintiff also alleges a claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long-standing requirements denied Plaintiff these important rights.

18. Upon information and belief, the Plaintiff alleges that Defendant never sent a notice letter as required by 15 U.S.C. § 1681k(a)(1).

19. Additionally, Defendant does not maintain strict procedures designed to ensure that the public record information it reports is complete and up to date, as

required by 15 U.S.C. § 1681k(a)(2).  If Defendant had maintained such procedures, it would not have reported felony convictions which are inaccurate, and which have been sealed on Plaintiff's consumer report.

20. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – CREDCO
## VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681k(a).

28. As a result of Defendant's violations of 15 U.S.C. §1681e(b) and 1681k(a), Plaintiff suffered actual damages including but not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

29. The violations by Defendant were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

30. Plaintiff is entitled to recover punitive damages, actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II – CREDCO
## VIOLATIONS OF ICRAA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is an "investigative consumer reporting agency" as defined by Cal. Civ. Code § 1786.2(d).

33. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1786.2(b).

34. The above-mentioned consumer reports were "investigative consumer reports" as that term is defined by Cal. Civ. Code § 1786.2(c) and were provided to potential employers for employment purposes, as that term is defined by Cal.Civ.Code. §1786.2(f).

35. Pursuant to Cal. Civ. Code § 1786.20, Defendant is liable for violating the ICRAA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

36. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages under the FCRA and ICRAA;

(b) Statutory damages under the FCRA;

(c) Punitive damages under the ICRAA;

(d) Punitive damages under the FCRA;

(e) Injunctive relief under the ICRAA;

(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and ICRAA § 1786.50(a)(2); and

(g) Such other and further relief as may be necessary, just and proper.

Dated: February 21, 2019              Respectfully Submitted,

**TATAR LAW FIRM, APC**

_____
Stephanie Tatar
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

Attorney for Plaintiff